## Case No. 8,001.
### In re LALOR.
[19 N. B. R. 253.]¹

District Court, S. D. New York. Jan. 23, 1879.

BANKRUPTCY — FRAUDULENT PETITION OF CREDITORS— COLLUSION — PETITION TO SET ASIDE ADJUDICATION—BANKRUPT IN CONTEMPT OF COURT —LACHES IN FILING PETITION TO SET ASIDE.

1. The bankrupt was adjudicated by default April 6, 1878, upon petition of his creditors. The act of bankruptcy charged was the suspension of commercial paper made or passed in his business as merchant or trader. In December, 1878, a petition to set aside the adjudication was filed, which alleged that the bankrupt himself procured the original petition to be executed and filed, well knowing that its statement as to the petitioners constituting the requisite number and amount was untrue, and that he was not a merchant or trader, with intent to procure a discharge without obtaining the assent of his creditors, requisite in vol-

¹ [Reprinted by permission.]

untary proceedings, and charged collusion between him and the petitioning creditors in executing and causing to be filed a false petition. The bankrupt answered, denying all fraud or intention to deceive the court. It appeared that the bankrupt caused the petition to be prepared and presented to the petitioning creditors, who signed and verified it, and returned it to the bankrupt's attorney without making any inquiry into its truth. *Held*, that the papers made out a prima facie case against the bankrupt, so as to warrant a reference to take the proofs.

2. Where a bankrupt procures a false and fraudulent petition to be filed by his creditors, with intent to procure a discharge which he could not obtain by voluntary proceedings, every movement he makes upon the basis of such petition is in contempt of court, and his proceedings to obtain a discharge will be perpetually stayed unless he shall comply with such reasonable terms for purging himself of the contempt as shall be imposed upon him.

3. The creditor who seeks to set aside the adjudication proved his debt in June, 1878. The petition alleged that the petitioner did not discover the alleged fraud and collusion before September 28th. The petition was filed December 9, 1878. *Held*, that there was no presumption, from his being a party to the proceedings, that he knew of the fraud before that time, and that the delay in filing the petition from September 28th to December 9th was not necessarily laches.

[In the matter of William Lalor, a bankrupt.]

J. H. Post, for petitioner.
Hal. Bell, for bankrupt.

CHOATE, District Judge. This is a petition by a creditor of the bankrupt, who has proved his claim, wherein he seeks to vacate the order of adjudication or to obtain some other relief. The bankrupt was adjudicated upon petitions of his creditors. The original petition was filed April 1, 1878. The order to show cause was made returnable April 6, 1878. The bankrupt made default, and was thereupon adjudicated a bankrupt. The creditors' petition was signed by three creditors, the aggregate of whose claims was three thousand seven hundred and forty dollars, and the petition contained the averment that petitioners believe that they constituted one-fourth in number and one-third in amount of all the creditors whose debts were unsecured and provable in bankruptcy, and exceeding two hundred and fifty dollars. The act of bankruptcy alleged was the suspension of commercial paper made or passed in the business of the bankrupt as a merchant or trader. The present petition alleges that the bankrupt himself procured the execution of the original petition by the petitioning creditors, and that he caused it to be filed, well knowing that its statement as to the one-fourth and one-third of the debts was untrue, and that he was not a merchant or trader. It also charges collusion between him and the petitioning creditors in thus executing and causing to be filed a false petition, and alleges the intent to have been, so far as the bankrupt is concerned, by means thereof and of an adjudication thereon, to get a discharge from his

debts without obtaining the assent of one-fourth in number and one-third in amount of his creditors. Other allegations as to the defects in the original petition it is not necessary to state here. It is alleged that, in fact, the bankrupt had sixty-five creditors, the aggregate of their claims being two hundred and ninety-three thousand six hundred and fifty-nine dollars and thirty-four cents.

In support of the petition are the affidavits of two of the three original petitioning creditors, from which it appears very clearly that the original petition was not prepared at their instance, or by their procurement, but was prepared by the bankrupt or his attorney, and presented to them, at his request, for signature, and thereupon delivered by them to him, or his attorney, and that they, the petitioning creditors, employed no counsel or attorney in the matter. The third petitioning creditor refused to make an affidavit, but his statements to a witness are to the same effect as the sworn statements of the other two in the particulars above stated. The answering affidavits of the bankrupt and his attorney, and the statements to a witness of two of the petitioning creditors, deny the fraud charged, so far as the petitioning creditors are concerned, and their knowledge of the falsity of the original petition, leaving them in the position of having, at the bankrupt's request, signed and verified the petition through friendliness to him, without any inquiry into its truth. These papers show very clearly that the bankrupt procured the petition to be signed by them, and caused it to be filed, and that the petitioning creditors took no active part in the matter, except to sign and verify the petition and accompanying proof of debts, at the request of the bankrupt, or his attorney, and that, while the petition was technically filed by them, that is, by an attorney nominally and as matter of record appearing for them, he did so by procurement of the bankrupt himself. It is not denied that the number and amount of the debts is as stated in the present petition. The bankrupt denies all fraud or intention to deceive the court, so far as he is concerned, and alleges ignorance, in fact, as to the requisites of a creditors' petition. The present petition avers that the facts with respect to the alleged fraud and collusion and procuring of the petition to be executed and filed by the bankrupt therein were not discovered before September 28, 1878, and that the petitioner prepared and filed his petition as soon as practicable thereafter. The petition was filed December 9, 1878.

A reference is now asked to take proof of the facts. This is opposed by the bankrupt on the ground that the petitioner is not, upon the case stated upon his papers, entitled to relief: that as a party to the proceedings, since he had notice of the first meeting of creditors in April last, and especially since his proof of his debt in June last, he is chargeable with full notice of the number and amount of the debts of the bankrupt, and of the insufficiency of the original petition, and that his petition should be dismissed on account of his laches, and also on the ground that the only case in which an adjudication will be set aside is fraud and collusion, and the papers do not make out a prima facie case of such fraud and collusion. The principles governing this class of cases are well settled. Fraud alone is a sufficient ground for setting aside an adjudication, and the court holds parties making such an application to great diligence, and even if the fraud is made out, the court will refuse the relief in its discretion if intervening rights have attached, so that the guilty parties cannot be punished without involving therein innocent third persons who may have relied on the record. In re Funkenstein [Case No. 12.158]; In re Court [Id. 3,284]. While it is settled that collusion alone between the debtor and petitioning creditors in carrying on the proceeding without intended fraud on the court is no ground for the refusing or for setting aside an adjudication,—In re Duncan [Id. 4,131],—yet no court is bound to lend its aid to a party before it in his attempt to obtain a judgment or decree favorable to himself by means of a deliberate fraud, which he has perpetrated, and through which he is still endeavoring to reach such decree or judgment.

Now, in the present case it is idle to claim that the debtor supposed or believed that the petitioning creditors were one-fourth in number and one-third in amount of his creditors. The disproportion is quite too gross to allow the possibility of mistake, and on the face of the papers as he states the case, it will require the strongest possible evidence to shield him from the charge of an intention to impose upon the court a false and fraudulent petition as the basis of the proceedings. And there is no apparent motive for such an act, except that suggested in the moving papers, that by having the proceedings in form involuntary he might go through bankruptcy without getting the assent of one-fourth in number and one-third in value of the creditors who might prove. If such was his purpose and intention, and such the means by which he has been and is still moving as a party to these proceedings to obtain his discharge, then although this petitioner, by reason of his laches, or by reason of the intervening rights of third parties, may fail in that part of the relief asked for which consists in having the adjudication set aside, yet it will not be out of the power of the court to give him some relief as against the bankrupt himself. It cannot be possible, if such a gross fraud is proved against the bankrupt, that the court will be obliged to grant

him any relief in these proceedings. Every movement he makes in the case, upon the basis of a petition so procured by him to be made and filed, and which he knew to be false, and intended by concealment of the truth and suggestion of falsehood to make the means of obtaining his discharge is in contempt of court. If he is thus in contempt, his proceedings herein to obtain a discharge will be perpetually stayed, unless he shall comply with such reasonable terms for purging himself of the contempt as shall be imposed upon him, as perhaps by obtaining the assent to his discharge of the same proportion in number and amount of his creditors as he would be required to obtain if he had filed a voluntary petition, and whatever other terms may be just. There is nothing in these provisions of the bankrupt law [of 1867 (14 Stat. 517)] for granting a discharge which interferes with or prevents the exercise of this power by the court, for they do not take away or qualify the inherent power of the court to punish for contempt. Of course it is not intended to prejudge the bankrupt's case. He must have the fullest opportunity to explain and justify his acts and show his good faith. All that is held is, that the papers make out a prima facie case against him, so as to warrant a reference to take the proofs. As to the question of guilty collusion on the part of the petitioning creditors and of laches on the part of this petitioner, they are matters of fact put in issue by the petition and answering papers. Although this petitioner may be found chargeable with notice as to the insufficiency of the original petition in number and amount of creditors, and in the averment of the act of bankruptcy from the time he proved his debt or before, yet there is no presumption, from his being a party to the proceedings, that he knew of this gross fraud now charged upon the bankrupt, and a delay in filing his petition from September 28th, when he alleges he first learned these facts, to December 9th, is not necessarily laches. An order will be made for a reference to take testimony.